# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL WALTER JOHNSON, | 1:10-cv-2280-OWW-MJS (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | |
| DR. ZEPP, et al., | (ECF No. 20) |
| Defendants. | |

On June 2, 2011, Plaintiff Wendell W. Johnson ("Plaintiff") filed a Motion to Appoint Counsel. (ECF No. 20).

Plaintiff does not have a constitutional right to appointed counsel in this action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). The Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of

1 success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light
2 of the complexity of the legal issues involved." Id. (internal quotation marks and citations
3 omitted).

4     In the present case, the Court does not find the required exceptional circumstances.
5 Even if it is assumed that Plaintiff is not well-versed in the law and that he has made
6 serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
7 This Court is faced with similar cases almost daily.  Further, at this early stage in the
8 proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on
9 the merits, and based on a review of the record in this case, the Court does not find that
10 Plaintiff cannot adequately articulate his claims.  Id.

11     Plaintiff asks for counsel because he contends that this is a complex action that will
12 require a private investigator and at least twenty expert witnesses in different medical
13 fields. However, this case is still awaiting screening by the Court and until such screening
14 occurs, no further action is required by Plaintiff.  Plaintiff will not be required to locate and
15 retain experts until if and after discovery commences.  If this case should proceed to
16 discovery, Plaintiff may refile this motion and the Court will evaluate whether, at that time,
17 the appointment of counsel is appropriate.

18     For the foregoing reasons, Plaintiff's motion for the appointment of counsel is
19 HEREBY DENIED, without prejudice.

20
21
22 IT IS SO ORDERED.
23 Dated:    June 14, 2011          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE
24
25
26
27
28