# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL WALTER JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. ZEPP, et al.,<br><br>　　　　Defendants. | CASE  NO.  1:10-cv-02280-LJO-MJS  PC<br><br>FINDINGS AND RECOMMENDATION FOR DENIAL OF MOTIONS FOR PRELIMINARY INJUNCTIONS<br><br>(ECF Nos. 18 & 19)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Wendell Walter Johnson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 14, 2011.  On June 1 and 2 of 2011, Plaintiff filed motions seeking a preliminary injunction requiring prison officials to provide him with adequate medical care.  (ECF Nos. 18 & 19.)

Plaintiff asks for preliminary injunctions because, he alleges, various prison officials at the State Prison at Corcoran are denying him necessary medical care in retaliation for his having filed this action.

As a threshold matter, Plaintiff must establish that he has standing to seek preliminary injunctive relief.  <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009) (citation omitted); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted).  Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or

redress the injury." Summers, 129 S.Ct. at 1149 (citation omitted); Mayfield, 599 F.3d at 969.

The medical care claims set forth in Plaintiff's complaint arise from events which occurred at Wasco State Prison in 2010. In addition to the fact that Plaintiff's claims arise from past events, Plaintiff is no longer incarcerated at Wasco State Prison. (ECF No. 8.) Nothing in the pleadings in this case give rise to a claim for relief from his current conditions of confinement at the State Prison at Corcoran.

Accordingly, the Court hereby RECOMMENDS that Plaintiff's Motions for Preliminary Injunctions be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1 st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 23, 2011         /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

2