UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL WALTER JOHNSON,<br><br>            Plaintiff,<br><br>    v.<br><br>DR. ZEPP,<br><br>            Defendant.<br>_____/ | CASE NO.   1:10-cv-02280-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION FOR DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF NOS. 24 & 28)<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

I.      **INTRODUCTION**

Plaintiff Wendell Walter Johnson, a state prisoner proceeding pro se and in forma pauperis, commenced this civil rights action on September 14, 2010 in the United States District Court for the Central District of California ("CDCA") pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) The CDCA dismissed certain claims and transferred the matter to the United States District Court for the Eastern District of California. (Report and Recommendation, ECF No. 5; Supplemental Report and Recommendation, ECF No. 10; Order Adopting, ECF No. 11; Order Transferring Venue, ECF No. 12.)

Plaintiff has declined Magistrate Judge jurisdiction. (Request for Reassignment, ECF No. 15.)

This Court screened the Complaint and ordered Plaintiff to either file an amended complaint or proceed solely against Defendant Zepp on the First Amendment retaliation

claim. (Order to Notify Court, ECF No. 23.)

Plaintiff filed a First Amended Complaint on November 2, 2011 (First Am. Compl., ECF No. 24). On screening the Court found it too stated a cognizable First Amendment claim for retaliation against Defendant Zepp, but no other cognizable claim. The Court found further that amendment would be futile. (Order Finding Cognizable Claim, ECF No. 28.)

Accordingly, all claims asserted and all Defendants named in Plaintiff's First Amended Complaint except for his First Amendment Retaliation claim against Defendant Zepp should now be dismissed.

## II.  ANALYSIS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(A)(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1),(2).

The Court reviewed Plaintiff's First Amended Complaint pursuant to this statute and found a cognizable First Amendment claim for retaliation against Defendant Zepp. (Order Finding Cognizable Claim, ECF No. 28.) Despite having been given leave to amend, Plaintiff was unable to state any other cognizable claim, and the Court found further amendment would be futile. (Id.)

Accordingly, Plaintiff's other claims and all other Defendants should now be dismissed.

## III.  CONCLUSION AND RECOMMENDATION

Plaintiff's First Amended Complaint, except for the First Amendment Retaliation claim against Defendant Zepp should now be dismissed. All of the Defendants named in this action except for Defendant Zepp should also now be dismissed.

Accordingly, it is **RECOMMENDED** that Plaintiff's First Amended Complaint, except

for the First Amendment Retaliation claim against Defendant Zepp should now be dismissed and that Defendants California Department of Corrections and C.O. Flowers should also now be dismissed with prejudice by the District Judge.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 17, 2012            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE