# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL WALTER JOHNSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DR. ZEPP,<br><br>　　　　Defendant. | CASE No. 1:10-cv-02280-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 45)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff Wendell Walter Johnson, a state prisoner proceeding pro se and in forma pauperis, commenced this civil rights action on September 14, 2010 in the United States District Court for the Central District of California ("CDCA") pursuant to 42 U.S.C. § 1983. This matter proceeds on a retaliation claim against Defendant Zepp.

Defendant filed a motion for summary judgment on July 26, 2013. (ECF No. 43.) Plaintiff was required to file an opposition or a statement of non-opposition by not later than August 20, 2013. Local Rule 230(*l*). The August 20, 2013 deadline passed without Plaintiff responding or seeking an extension of time to do so.

On September 13, 2013, Plaintiff was ordered to file opposition or a statement of

non-opposition by not later than October 8, 2013. (ECF No. 45.) The October 8, 2013 deadline has passed without Plaintiff responding or seeking an extension of time to do so. Plaintiff has not obeyed the September 13, 2013 order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third

factor, risk of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action which arose over three years ago. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use. Plaintiff has failed to oppose Defendant's motion for summary judgment notwithstanding extension of time to do so. It is reasonable to conclude Plaintiff is unable to make an evidentiary showing in opposition. See Fed. R. Civ. P. 56(e)(4); Local Rule 230(*l*). Plaintiff was warned that a failure to file an opposition or statement of non-opposition by the October 8, 2013 deadline may result in the action being dismissed with prejudice. (ECF No. 45 at 2:8-13.)

    Having balanced these factors, the undersigned finds they weigh in favor of dismissal and accordingly HEREBY RECOMMENDS that this action be DISMISSED WITH PREJUDICE based on Plaintiff's failure to obey the Court's order and failure to prosecute.

    These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time

may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 30, 2013           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

4